IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| ELLIS HASKINS | § | PLAINTIFF |
| | § | |
| v. | § | Civil Action No. 1:10cv457-LG-RHW |
| | § | |
| JIM HOOD, Attorney General; | § | |
| KENNETH N. ALLEN, MSAGO | § | |
| Investigator; and JOHN and | § | |
| JANE DOES A-Z | § | DEFENDANTS |

## MEMORANDUM OPINION AND ORDER GRANTING
## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**BEFORE THE COURT** is the Motion to Dismiss or Alternatively for Summary

Judgment [7] that was filed by Attorney General Jim Hood and MSAGO Investigator

Kenneth Allen.   Haskins has filed a response and a supplemental response in

opposition to the Motion, and the defendants have filed a reply.   Upon reviewing the

submissions of the parties and the applicable law, the Court finds that Hood and Allen

are entitled to judgment as a matter of law.

## FACTS

Rachel Almore's home was damaged by Hurricane Katrina.   She hired a

contractor, Ellis Haskins, to perform the repairs and perform additional renovations

on the home.   On October 21, 2007, Almore filed a complaint with the Mississippi

Attorney General's Office of Consumer Protection, alleging that Haskins had been paid

for work he did not perform.   (Ex. A to Defs.' Mot.)   Her complaint was assigned to

MSAGO Investigator Kenneth Allen.   Allen interviewed Almore and learned that

Haskins had charged Almore for work that had been performed by other contractors.

(Ex. B to Defs.' Mot.)   Most importantly, she claimed that Haskins had charged her for

putting a new roof on her home, when the roof had been repaired by another contractor before she entered the agreement with Haskins. (*Id.*) Allen signed an affidavit containing the allegations made by Almore, and he also detailed two previous arrests of Haskins that had occurred over ten years previously. (*Id.*) Allen claims that he determined that Haskins charged Almore for $16,378.43 of work that was performed by others or not completed. (*Id.*) He presented the affidavit to Justice Court Judge Louise Ladner and obtained a warrant to arrest Haskins. (Ex. G to Defs.' Mot.) Haskins was arrested for felony home repair fraud on April 18, 2008. (*Id.*) On October 30, 2008, Allen testified before a grand jury, which returned a no true bill as to the charge pending against Haskins. (*Id.*)

Haskins filed a Complaint against Allen, Attorney General Hood, and John and Jane Doe defendants on September 17, 2010, and an Amended Complaint on September 27, 2010. He claims that the defendants used misleading statements in order to obtain a warrant to arrest him. He alleges that he did not enter a contract to repair Almore's home, because she refused to sign any contract. He also argues that the dispute with Almore is civil in nature and should not have been treated as a criminal matter. Despite the lack of a signed contract, Haskins claims that he hired subcontractors to perform the work on Almore's home. Haskins also notes that Attorney General Hood had a picture of him placed on a poster board at the IP casino that called him a con-artist. Furthermore, he claims that he lost business due to negative newspaper and broadcasts concerning him. He claims that Almore owes him money and made false claims against him in order to get out of paying him. He has

filed claims pursuant to 42 U.S.C. § 1983, the Fourth Amendment, the Fifth Amendment, the Federal Tort Claims Act, 42 U.S.C. §§ 1985-86, the Fourteenth Amendment, and Mississippi law.  His state law claims include slander, libel, and abuse of process.

Allen and Hood have filed the present Motion to Dismiss or Alternatively for Summary Judgment.  Because the defendants rely on documents outside of the pleadings, the Court will treat the Motion as a Motion for Summary Judgment and will moot the Motion to Dismiss.  *See* Fed. R. Civ. P. 12(d).

## DISCUSSION

Any party to a civil action may move for summary judgment upon a claim, counterclaim, or cross-claim as to which there is no genuine issue of material fact and upon which the moving party is entitled to prevail as a matter of law.  Fed. R. Civ. P. 56.  A party seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted.  *Celotex Corp.*, 477 U.S. at 324-25.  The non-moving party may not rest upon mere allegations or denials in its pleadings but must set forth specific facts and evidence showing the existence of a genuine issue for trial.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986).

## I. Absolute Immunity– Hood

Attorney General Hood argues that he is entitled to absolute prosecutorial immunity. At the summary judgment stage, "the moving party is not required to put forth evidence to meet its summary judgment burden for a claim of immunity. It is sufficient that the movant in good faith pleads that it is entitled to absolute or qualified immunity." *Cousin v. Small*, 325 F.3d 627, 632 (5th Cir. 2003). Once the defendant asserts immunity, the burden shifts to the plaintiff to rebut it. *Cousin*, 325 F.3d at 632. "[P]rosecutorial immunity extends to conduct that is 'intimately associated with the judicial phase of the criminal process, . . . but not to 'those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings . . . .'" *Hoog-Watson v. Guadalupe Cnty., Tex.*, 591 F.3d 431, 438 (5th Cir. 2009) (quoting *Burns v. Reed*, 500 U.S. 478, 486 (1991)); *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)). Thus, "prosecutorial immunity protects 'the advocate's role in evaluating evidence and interviewing witnesses as he prepares for trial,' but not 'the detective's role in searching for the clues and corroboration that might give him probable cause to recommend that a suspect be arrested.'" *Hoog-Watson*, 591 F.3d at 438 (quoting *Buckley*, 509 U.S. at 273). Furthermore, prosecutorial immunity does not extend to "the prosecutorial function of giving legal advice to the police." *Id.*

Hood asserts in pleadings that he was at all times acting as an advocate for the State, and thus, he is entitled to absolute immunity. *See Cousin*, 325 F.3d at 632. The

only specific act that Haskins claims was committed by Hood was the placement of a sign at a local casino that contained Haskins' picture and labeled him a "con-artist." Since the placement of an allegedly defamatory sign does not constitute a prosecutorial function, Hood is not entitled to immunity with regard to that allegation. However, to the extent that Hood has been sued for assisting with the prosecution of Haskins, the Court finds that he is immune.

## II. Qualified Immunity

Qualified Immunity protects government officials from liability for civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Flores v. City of Palacios*, 381 F.3d 391, 393 (5th Cir. 2004) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). A government official is "entitled to qualified immunity if his or her conduct was objectively reasonable in light of the legal rules that were clearly established at the time of his or her actions." *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002). When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate that the defense does not apply. *McClendon*, 305 F.3d at 323. The Court will analyze whether Allen and Hood's conduct violated any of the following rights asserted by Haskins:

### A. Fourth Amendment

"Claims of false arrest, false imprisonment, and malicious prosecution involve the guarantees of the fourth and fourteenth amendments when the individual complains of an arrest, detention, and prosecution without probable cause." *Thomas*

*v. Kippermann*, 846 F.2d 1009, 1011 (5th Cir. 1988). "Probable cause exists when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *United States v. McCowan*, 469 F.3d 386, 390 (5th Cir. 2006). "The facts must be known to the officer at the time of the arrest; post hoc justifications based on facts later learned cannot support an earlier arrest." *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 204 (5th Cir. 2009).

"[I]f facts supporting an arrest are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation for false arrest, insulating the initiating party." *Taylor v. Gregg*, 36 F.3d 453, 455 (5th Cir. 1994). However, the chain of causation remains intact if "it can be shown that the deliberations of that intermediary were in some way tainted by the actions of the defendant." *Hand v. Gary*, 838 F.2d 1420, 1428 (5th Cir. 1988). "[T]he chain of causation is broken only where all the facts are presented to the grand jury, or other independent intermediary where the malicious motive of the law enforcement officials does not lead them to withhold any relevant information from the independent intermediary." *Hand*, 838 F.2d at 1428. The Fifth Circuit has explained:

> In the context of evaluating the existence of probable cause and whether an officer is entitled qualified immunity, "we embark on a 'practical common- sense [determination] whether given all of the circumstances' a reasonable officer could have believed there is a fair probability [Plaintiff] committed the crime charged." *Mendenhall v. Riser*, 213 F.3d 226, 231 (5th Cir. 2000) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). In considering the totality of the circumstances, we disregard any false statements in the affidavit supporting the warrant which are

made knowingly and intentionally, or with reckless disregard for the
truth, and consider omissions that may have been critical to a
determination of probable cause. *Hale v. Fish*, 899 F.2d 390, 400 & n.3
(5th Cir. 1990).

*Hernandez v. Terrones*, No. 09-50659,  2010 WL 4116737 at *11 (5th Cir. Oct. 20,

2010).  "If there was probable cause for any of the charges made . . . then the arrest

was supported by probable cause, and the claim for false arrest fails."  *Deville v.*

*Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009) (quoting *Wells v. Bonner*, 45 F.3d 90, 95

(5th Cir. 1995)).  Under Mississippi law, "[a] person commits the offense of home repair

fraud when he knowingly: (a) [e]nters into an agreement or contract, written or oral,

with a person for home repair, and he knowingly: (i) . . . promises performance which

he does not intend to perform or knows will not be performed . . . ."  Miss. Code Ann.

§ 97-23-103(2).

Haskins was arrested pursuant to a valid warrant, which broke the chain of

causation.  Although Haskins claims that Allen made misleading or false statements

while obtaining the warrant, he has not provided any specific facts or evidence to

support this assertion.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986)

(holding that a party opposing a motion for summary judgment may not rest upon

mere allegations or denials in its pleadings but must set forth specific facts and

evidence showing the existence of a genuine issue for trial).  As a result, the Court

finds that there was probable cause to arrest Haskins.   Thus, Haskins' Fourth

Amendment rights were not violated.

**B. Equal Protection**

The Equal Protection Clause of the Fourteenth Amendment provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, §1.  This is essentially a requirement that all persons similarly situated should be treated alike.  *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).  Haskins does not claim that any of the defendants' conduct was made with the intent to discriminate against him, and there is no evidence of discrimination.  As a result, Haskins' right to equal protection was not violated.

**C. Due Process**

In *Albright v. Oliver*, 510 U.S. 266 (1994), the United States Supreme Court held that there is no Fourteenth Amendment "liberty interest" or substantive due process right to be free from criminal prosecution unsupported by probable cause.  *Albright*, 510 U.S. at 270-71.  "Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of 'substantive due process' must be the guide for analyzing these claims.'"  *Id.* at 273.  Thus, the Court held that a plaintiff's claims based on prosecution without probable cause should be analyzed under the Fourth Amendment.  *Id.* at 274.  The same reasoning applies to procedural due process claims.  *See, e.g., Reynolds v. New Orleans City*, 272 Fed. App'x 331, 338 (5th Cir. 2008).  As a result, to the extent that Haskins alleges false arrest and malicious prosecution, his due process claim must be dismissed.

However, the Court notes that Haskins also claims that Hood placed a sign in a casino that labeled him a "con-artist."  This allegation is very similar to that made in *Paul v. Davis*, 424 U.S. 693 (1976).  In *Paul*, the plaintiff alleged that the police chief provided flyers to local businesses that contained his photograph and labeled him an "active shoplifter" after he was arrested for shoplifting.  *Paul*, 424 U.S. at 695.  The shoplifting charges were later dismissed.  *Id.*  The plaintiff in *Paul* claimed that the flyer constituted a denial of due process.  *Id.*  The United States Supreme Court disagreed, holding that defamation, standing alone, does not deprive an individual of any liberty protected by the guarantees of the Fourteenth Amendment.  *Id.* at 710-11.  The Fifth Circuit has interpreted *Paul* to require a plaintiff to show a stigma caused by a false communication plus an infringement of some other interest.  *San Jacinto Sav. & Loan v. Kacal*, 928 F.2d 697, 701 (5th Cir. 1991).

> To establish the "infringement" portion of the "stigma plus infringement" test, a claimant must establish that the state sought to remove or significantly alter a life, liberty, or property interest recognized and protected by state law or guaranteed by one of the provisions of the Bill of Rights that has been "incorporated."

*Kacal*, 928 F.2d at 701-02.  The Court finds that there was no such infringement in the present case.  As a result, Hood is entitled to summary judgment regarding the due process claim.

### D.  Fifth Amendment

"The Fifth Amendment applies only to violations of constitutional rights by the United States or a federal actor."  *Jones v. City of Jackson*, 203 F.3d 875, 880 (5th Cir.

2000).  Both Hood and Allen are state officials, and they were not acting on behalf of the federal government.  Therefore, they are entitled to judgment as a matter of law with regard to the Fifth Amendment claim.

### E.  42 U.S.C. §1985 and §1986

Section 1985(1) prohibits conspiracies "to prevent, by force, intimidation, or threat" a federal officer from discharging his duties or to injure him because of his lawful discharge of his duties.   Clearly, Haskins is not a federal officer, and thus, he does not have a claim pursuant to subsection (1) of Section 1985.

Subsections (2) and (3) to Section 1985 prohibit conspiracies to obstruct justice, intimidate a party, witness, or juror and conspiracies to deprive persons of rights or privileges, respectively.  Both of these subsections require a plaintiff to demonstrate some form of discriminatory animus on the part of the defendants.  *Bryant v. Military Dep't of Miss.*, 597 F.3d 678, 687 (5th Cir. 2010).  Haskins has not alleged that any of the defendants' actions were motivated by discriminatory animus, and there is no evidence of discrimination.  As a result, the defendants are entitled to judgment as a matter of law with regard to the claims filed pursuant to subsection (2) or (3) of Section 1985.

In order to state a claim pursuant to Section 1986, a plaintiff must have a claim pursuant to Section 1985.  *Lockett v. New Orleans City*, 607 F.3d 992, 1002 (5th Cir. 2010).  Since the Court has granted the defendants judgment as a matter of law regarding the Section 1985 claim, they are also entitled to a judgment in their favor concerning the Section 1986 claim.

### III.  Official Capacity Claims

The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend XI.  Therefore, claims against a state may not be brought in federal court unless the state has waived its immunity or Congress has abrogated it pursuant to Section 5 of the Fourteenth Amendment. *Alden v. Maine*, 527 U.S. 706, 755-56 (1999); *Neinast v. Texas*, 217 F.3d 275, 280 (5th Cir. 2000) ("Congress has the power to abrogate [state sovereign] immunity under §5 of the Fourteenth Amendment, but only within its remedial powers under §5.").[1]

Eleventh Amendment immunity, where applicable, is shared by a state's agencies and officers to the extent that the state is the "real, substantial party in interest." *Delahoussaye v. City of New Iberia*, 937 F.2d 144, 147 (5th Cir. 1991).  A lawsuit against a state officer in his official capacity is a lawsuit against the State. *Diamond v. Charles*, 476 U.S. 54, 57 n.2 (1986).  Therefore, to the extent that Haskins has sued the defendants in their official capacities pursuant to Section 1983, his claims must be dismissed.

### IV.  Federal Tort Claims Act

Haskins attempts to bring claims against the defendants pursuant to the Federal Tort Claims Act.  However, the Federal Tort Claims Act only pertains to torts

---

[1] Section 5 provides: "The Congress shall have power to enforce, by appropriate legislation, the provisions of this article."  U.S. Const. amend. XIV, §5.

committed by persons acting on behalf of the United States.  28 U.S.C. §2671.  As explained previously, Hood and Allen were state officials and were not acting on behalf of the federal government.  Therefore, they are entitled to summary judgment as to the Federal Tort Claims Act claim.

## V.  Permanent Injunction

Haskins seeks a permanent injunction requiring the defendants to undergo mandatory training and to make a public apology to him. (Am. Compl. at 6-7).

The Eleventh Amendment does not bar lawsuits seeking an injunction against the enforcement of an unconstitutional state statute if the state officials sued have some connection with the enforcement of the act and are about to commence proceedings to enforce the unconstitutional act. *Okpalobi v. Foster*, 244 F.3d 405, 426-47 (5th Cir. 2001) (citing *Ex Parte Young*, 209 U.S. 123, 155-56 (1908)).  "Remedies designed to end a continuing violation of federal law are necessary to vindicate the federal interest in assuring the supremacy of that law.  But compensatory or deterrence interests are insufficient to overcome the dictates of the Eleventh Amendment."  *Green v. Mansour*, 474 U.S. 64, 68 (1985).

In the present case, Haskins has not alleged that Mississippi's home repair fraud statute or any other statute is unconstitutional.  Furthermore, he has not claimed any continuing violation of federal law; he merely seeks to deter the defendants from conduct that may cause future harm and to penalize them for harm caused in the past.  As a result, the Court finds that the *Young* exception to Eleventh Amendment immunity does not apply to Haskins' request for a permanent injunction.  Thus, that

-12-

claim must also be dismissed.

## VI.  State Law Claims

The Mississippi Tort Claims Act provides the exclusive remedy for claims against state employees, as long as they are acting within the course and scope of their employment.  Miss. Code Ann. § 11-46-7(1).  The Act also states, "An employee may be joined in an action against a governmental entity in a representative capacity if the act or omission complained of is one for which the governmental entity may be liable, but no employee shall be held personally liable for acts and omissions occurring within the course and scope of the employee's duties."   Miss. Code Ann. §11-46-7(2). Furthermore, the Act provides, "Nothing contained in this chapter shall be construed to waive the immunity of the state from suit in federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States." Miss. Code Ann. §11-46-5(4).  Haskins concedes in his Amended Complaint that the defendants were acting within the course and scope of their employment.  (Am. Compl. at 2).  As a result, his state law claims against the defendants are also barred by the Eleventh Amendment. *See Hopkins v. Mississippi*, 634 F. Supp. 2d 709, 712-13 (S.D. Miss. 2009).

## VII.  John and Jane Doe Defendants A-Z

Haskins has sued John and Jane Doe Defendants A-Z, but he has not attempted to name or serve these defendants.  Since these are the only claims remaining in this lawsuit, Haskins will be given thirty days to name these John and Jane Doe defendants, or those claims will be dismissed.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion for

Summary Judgment [7] that was filed by Jim Hood and Kenneth N. Allen is **GRANTED**.  All of Haskins' claims against Kenneth Allen and Attorney General Jim Hood are hereby **DISMISSED WITH PREJUDICE.**

      **IT IS FURTHER ORDERED AND ADJUDGED** that the Motion to Dismiss [7] is **MOOT**.

      **SO ORDERED AND ADJUDGED** this the 9th day of December, 2010.

                                   *s/ Louis Guirola, Jr.*
                                     LOUIS GUIROLA, JR.
                                     UNITED STATES DISTRICT JUDGE