IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **ELLIS HASKINS** | § | **PLAINTIFF** |
| | § | |
| v. | § | Civil Action No. 1:10cv457-LG-RHW |
| | § | |
| **RACHEL ALMORE** | § | **DEFENDANT** |

## ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION

**THIS MATTER IS BEFORE THE COURT** *sua sponte* for the purpose of considering whether this Court has subject matter jurisdiction over Ellis Haskins' Second Amended Complaint. Upon reviewing the Second Amended Complaint and the applicable law, the Court finds that it lacks subject matter jurisdiction. Therefore, this case must be dismissed without prejudice.

### DISCUSSION

Haskins filed a Complaint against Kenneth Allen, Attorney General Jim Hood, and John and Jane Doe defendants on September 17, 2010, and an Amended Complaint on September 27, 2010. On December 9, 2010, this Court granted the Motion for Summary Judgment filed by Hood and Allen and gave Haskins a deadline for naming the remaining John and Jane Doe defendants.

Haskins filed a Second Amended Complaint on January 31, 2011, in which he replaced the John and Jane Doe defendants with Rachel Almore. Haskins alleges that Almore filed a false complaint against him for home repair fraud, which resulted in his arrest and the loss of his business. He also claims that she never paid him for work he did on her home. In addition, he accuses her of slander, character assassination, and

libel. In his Second Amended Complaint, Haskins states that both he and Almore are citizens of Mississippi.

The federal courts must address questions of subject matter jurisdiction whenever they are raised and must consider jurisdiction *sua sponte* if it is not raised by the parties. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001); *see also* Fed. R. Civ. P. 12(h)(3). 28 U.S.C. § 1331 provides that district courts have original jurisdiction over all actions arising under the Constitution, laws, or treaties of the United States. Meanwhile, 28 U.S.C. § 1332 confers federal diversity jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, and the civil action is between citizens of different states.

Since Haskins and Almore are both citizens of Mississippi, diversity jurisdiction does not exist. Furthermore, Haskins has not alleged any claims arising under federal law. Thus, federal question jurisdiction does not exist. As a result, this Court does not have jurisdiction over this lawsuit, and the lawsuit must be dismissed without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that this lawsuit is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**SO ORDERED AND ADJUDGED** this the 2nd day of February, 2011.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE